UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

DEVIN B. STEELE,

      Petitioner,

      v.                                           Case No. 07-C-366

UNITED STATES OF AMERICA,

      Respondent.

---

DECISION AND ORDER DISMISSING AS SECOND OR SUCCESSIVE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

      Petitioner, Devin B. Steele, was sentenced on March 25, 2004, to 151 months imprisonment on count one of a superseding indictment. After counsel failed to file a timely appeal, this court granted Steele's motion under 28 U.S.C. § 2255. The judgment was vacated and an amended judgment entered on September 23, 2005. On appeal, the Seventh Circuit Court of Appeals remanded for the limited purpose of informing that court whether this court would have imposed a lower sentence had it known the Sentencing Guidelines were not binding under *U.S. v. Paladino*, 401 F.3d 471 (7th Cir. 2005). This court concluded that it would impose the same sentence, and upon further review, the Seventh Circuit affirmed.

      Steele returns to this court on a motion under § 2555 to vacate. This time he argues that counsel was ineffective in failing to object to the calculation of his criminal history score.

Although Steele contends that counsel was ineffective at sentencing and on appeal, this argument was available to him at the time of his initial § 2255. Steele asserts that his criminal history score was increased improperly by inclusion of a cocaine conviction for a period encompassed by the alleged conspiracy. However, the basis for this argument is unclear because the conspiracy began in 1996 and Steele's prior cocaine conviction was February 27, 1994. Regardless, his criminal history category was a IV at the time the first judgment was entered and has never changed. Any argument regarding the calculation of his score could have been made in the first § 2255 motion.

Therefore, the pending motion is a second or successive petition which must be dismissed without awaiting any response from the government unless the court of appeals has given approval for its filing *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because Steele has not sought or obtained authorization from the Seventh Circuit to pursue a successive petition, this court has "no option other than to dismiss his motion." *Id.,* 96 F.3d at 991.

Now, therefore,

IT IS ORDERED that petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody is dismissed.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2008.

                  BY THE COURT

                  s/ C. N. CLEVERT, JR.
                  C. N. CLEVERT, JR.
                  U. S. DISTRICT JUDGE